# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 31, 2006

William McCool
Clerk, U.S. District Court
U.S. Courthouse
401 SE 1ST AVE
GAINESVILLE FL 32601-5806

**Appeal Number: 06-10439-I**
Case Style: In Re: Luis Lazaro Viera
District Court Number:

The enclosed order has been entered. No further action will be taken in this matter.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

        Sincerely,

        THOMAS K. KAHN, Clerk

        Reply To: Pamela Allen (404) 335-6188

Encl.

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-10439-I

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31 2006
THOMAS K. KAHN
CLERK

IN RE: LUIS LAZARO VIERA,

                                                                        Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before  TJOFLAT, DUBINA and HULL, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Luis Lazaro Viera has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Viera indicates that he wishes to raise two claims in a second or successive § 2255 motion: (1) the district court violated his Fifth Amendment due process right because his indictment did not contain all the necessary components for him to properly defend against the charges; and (2) the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence based on facts not found by a jury beyond a reasonable doubt. Viera asserts that both his claims rely upon a new rule of constitutional law, citing United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Booker, 543 U.S. at __, 125 S.Ct. at 749-50. Accordingly, the Supreme Court excised relevant statutes that made the Guidelines mandatory and held that district courts should apply the Guidelines in an advisory manner. Id. at __, 125 S.Ct. at 757. We have held, however, that the holding in Booker has not been made retroactive to cases on collateral review by the Supreme Court for purposes of authorizing a second or successive § 2255 motion. In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

Accordingly, because Viera has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

A True Copy - Attest:
Clerk, U.S. Court of Appeals
Eleventh Circuit
Pamela Allen
Deputy Clerk
Atlanta, Georgia